UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

iSTAR FM LOANS LLC,

        Plaintiff,

v.                                   Case No. 8:10-cv-2009-T-33TBM

CLARK D. EAST,

        Defendant.
_____/

## ORDER

    This cause is before the Court pursuant to iStar's motion for entry of default judgment (Doc. # 10), which was filed on October 21, 2010.  In the motion, iStar requests a judgment against East in the amount of $32,102,692.90.  iStar supported the motion with the affidavit of Greg Camia.  East has not entered an appearance in this case.  For the reasons that follow, the Court grants the motion to the extent that it will enter a default judgment in favor of iStar and against East in the amount of $32,102,392.90.

**I.**   **Procedural History**

    iStar filed its one count complaint alleging breach of guaranty against East on September 13, 2010.  (Doc. # 1).  On September 29, 2010, iStar filed return of service documents showing that East was served with the summons and complaint. (Doc. # 5).  East failed to plead or otherwise defend, and

1

iStar filed a motion for entry of clerk's default on October 19, 2010. (Doc. # 8). The clerk entered a default against East on October 20, 2010. (Doc. # 9). iStar now moves for entry of a default judgment against East in the total amount of $32,102,692.90, plus post judgment interest and attorneys' fees and costs.

## II. Default Judgment

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court

2

must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact and bars the defendant from contesting those facts on appeal. Id.

### III. Analysis

The complaint generally alleges that East breached his personal guarantee of a commercial loan made by Fremont Investment & Loan to Captain Van Dyke Trust, Gold Doubloons, LLC, Black Beard, LLC, and Treasure Chest, LLC. Specifically, Fremont and the above-named borrowers entered into a loan agreement dated May 31, 2006, wherein Fremont loaned $26,238,339.59 to the borrowers. (Doc. # 1 at ¶¶ 9, 25). The loan agreement is attached to the complaint (Doc. # 1-3) as exhibit B. East personally guaranteed the aforementioned loan agreement. (Doc. # 1 at ¶ 11). The guaranty is attached to the complaint (Doc. # 1-2) as exhibit A. On June 29, 2007, Fremont assigned the loan to iStar. (Doc. # 1 at ¶ 13). The assignment agreement (Doc. # 1-4) is attached to the complaint as exhibit C.

The borrowers defaulted on their obligations under the loan, among other things, when they failed to make timely payments of amounts due and when Captain Van Dyke and Treasure

3

Chest filed for relief under the United States Bankruptcy Code. (Doc. # 1 at ¶ 14). These breaches qualified as events of default under the terms of the loan documents.

On September 8, 2010, iStar notified East of the events of default and made a demand for payment for the borrowers' outstanding obligations, including principal, interest, fees, and expenses. (Doc. # 1 at ¶ 22). iStar's demand on East (Doc. # 1-7) is attached to the complaint as exhibit F. East has not satisfied the obligations of his personal guarantee. (Doc. # 1 at ¶ 23).

iStar's detailed complaint and exhibits contain sufficient factual allegations to establish East's liability. The amount of iStar's damages is a sum certain that is calculable according to a set formula. Accordingly, a hearing on iStar's damages is not required. See <u>SEC v. Smyth</u>, 420 F. 3d 1225, 1231 (11th Cir. 2005)("An evidentiary hearing is not a per se requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone.")

Based upon the clerk's default, the well-pleaded factual allegations contained in the complaint, and the affidavit of Greg Camia, the Court determines that it is appropriate to grant the motion for default judgment. The clerk is directed to enter the judgment of the Court in iStar's favor and

4

against East in the total amount of $32,102,392.90 (comprised of $26,238,339.59 in principal, $3,103,350.78 in accrued interest at the contract rate of 12.5% per annum through October 12, 2010, $2,623,833.96 in late fees, $12,442.60 in late charges, and $124,425.97 for a contractual exit fee).[1] iStar is also entitled to post-judgment interest at the federal statutory rate. In addition, iStar may file a motion for attorneys' fees and costs, if it so chooses, within fourteen days of the date of this Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  iStar's motion for entry of default judgment (Doc. # 10) is **GRANTED**.

(2)  The clerk is directed to enter a final default judgment against Clark D. East as to iStar's complaint (Doc. # 1) in the total amount of **$32,102,392.90** (which includes the principal amount claimed, pre-judgment interest at the contract rate of 12.5% per annum through October 12,

---

[1] There is an error in the motion for default judgment to the extent that it seeks the sum of $32,102,692.90. The affidavit of Greg Camia, filed in support of the motion (Doc. # 10-2 at 3), sets forth a list of monies due to iStar, however; the items enumerated in the list amount to $32,102,392.90, rather than the requested sum of $32,102,692.90.

      2010, and other contractual fees and charges).

(3) iStar is also entitled to post-judgment interest at the federal statutory interest rate.

(4) iStar may file a motion for attorneys' fees and costs, if it so chooses, within fourteen days of the date of this Order.

(5) The clerk shall enter judgment accordingly and, thereafter, close the case.[2]

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of October 2010.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties and counsel of record

---

[2] The Court will consider any timely filed attorneys' fees motion, regardless of whether, when such motion is filed, the case has been closed by the clerk.

6