UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISTAR FM LOANS LLC,

    Plaintiff,

v.          Case No. 8:10-cv-2009-T-33TBM

CLARK D. EAST,

    Defendant.
_____/

**<u>ORDER</u>**

This cause is before the Court pursuant to Clark D. East's Motion to Vacate Judgment (Doc. # 19), which was filed on May 31, 2011, and iStar's Response (Doc. # 22), which was filed on June 14, 2011.[1] On September 15, 2011, the Court ordered further briefing from the parties. (Doc. # 26). iStar filed its brief on October 14, 2011, and East filed his brief on October 17, 2011. For the reasons that follow, the Court grants East's Motion to Vacate Judgment. This Court vacates its default judgment against East and dismisses this action based upon the doctrine of res judicata.

---

[1] Plaintiff is SFI Belmont, LLC, as a successor-in-interest to iStar FM Loans, LLC. The Court, however, will refer to Plaintiff as "iStar" in this Order for the sake of clarity and continuity. During the state court proceedings and the majority of this case, Plaintiff proceeded under the designation "iStar." Referring to Plaintiff as SFI Belmont, LLC, although technically correct, would further complicate this matter.

I. **Background**

   A. **The Obligation**

On May 31, 2006, iStar entered into a loan and security agreement with East, as trustee of the Captain Van Dyke Trust; Gold Doubloons, LLC; Black Beard, LLC; and Treasure Chest, LLC, in which iStar loaned the borrowers $28,628,000.00. (Doc. # 1 at ¶ 1, 9; Doc. # 1-3). In addition to signing the loan and security agreement as "Trustee," East executed a guaranty in which he unconditionally and irrevocably guaranteed iStar full and prompt payment of the debt. (Doc. # 1-2 at 2-17).

The borrowers breached their obligations under the loan and security agreement when they failed to make scheduled payments, among other things.

   B. **State Court Action**

On March 26, 2009, after notice and demand, iStar filed suit against the borrowers and East in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, in the case captioned iStar FM Loans LLC v. Clark D. East, individually and as trustee of the Captain Van Dyke Trust under Agreement dated December 8, 2003, Et Al., Case No. 09-CA-7912. (Doc. # 1 at ¶ 16).

iStar's amended complaint sought a foreclosure judgment on certain real property and to enforce a guaranty against East, among other claims. On May 25, 2010, the state court entered a final judgment on iStar's foreclosure count, but did not address the guaranty count. Id. at ¶ 18. A public sale of the property was set for June 24, 2010, at which time the Clerk of the Florida Circuit Court was going to sell the property to the highest bidder. Id. at ¶ 19. However, on June 23, 2010, Captain Van Dyke and Treasure Chest filed for protection under Chapter 11 of the United States Bankruptcy Code. Id. at ¶ 20.

The foreclosure judgment has been appealed in the state court. (Doc. # 32 at 3).

### C. Federal Action

On September 13, 2010, iStar filed a one-count complaint in this Court alleging breach of guaranty on a commercial loan against East. (Doc. # 1). On September 29, 2010, iStar filed return of service documents showing that East was served with the summons and complaint. (Doc. # 5). East failed to plead or otherwise defend, and iStar filed a motion for entry of Clerk's default on October 19, 2010. (Doc. # 8). The Clerk entered a default against East on October 20, 2010. (Doc. # 9). iStar promptly moved for entry of default

judgment against East in the amount of $32,102,692.90, plus interest and attorneys' fees and costs, which this Court granted on October 28, 2010. (Doc. ## 10, 11). The Clerk issued a Default Judgment against East on October 29, 2010, and closed the case. (Doc. # 12).

Thereafter, iStar initiated discovery in aid of execution. On December 15, 2010, iStar propounded interrogatories and requests for production on East. (Doc. # 13). On March 3, 2011, iStar filed a motion to compel East's presence at a deposition in aid of execution. (Doc. # 14). On April 8, 2011, in the midst of this discovery battle, Lyndi Gordon, Esq. entered a Notice of Appearance on behalf of East. (Doc. # 16).

On May 20, 2011, due to apparent noncompliance with various discovery requests, iStar filed a motion for the issuance of an Order to Show Cause seeking the sanction of contempt. (Doc. # 17). East filed a response in opposition to the motion for issuance of an Order to Show Cause and, therein, moved for an order vacating the Default Judgment on the basis of res judicata. (Doc. # 19).[2] The Court ordered

---

[2] In East's submission, East's counsel indicates that she has been diagnosed with cancer and is undergoing intensive treatment for the same. She indicates, "Mr. East is not in contempt and has done absolutely nothing wrong, except

further briefing.

## II. Res Judicata

Res judicata bars claims that were raised or could have been raised in an earlier proceeding. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). In the Eleventh Circuit, "when we are considering whether to give res judicata effect to a state court judgment, we must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." Crooked Creek Props. v. Ensley, 380 Fed. App'x 914, 915 (11th Cir. 2010)(internal citations omitted).

In this case, East seeks an order finding that the judgment entered in this case should be precluded due to the Florida state court judgment on the foreclosure count. Accordingly, the Court will apply Florida law concerning the doctrine of res judicata.

The Florida Supreme Court remarked in Kimbrell v. Paige, 448 So. 2d 1009 (Fla. 1984):

> Florida courts have consistently adhered to the rule that [a] judgment on the merits rendered in a former suit between the same parties or their privities, upon the same causes of action, by a court of competent jurisdiction, is conclusive not

---

unfortunately to have counsel who suddenly and unexpectedly became very ill with cancer." (Doc. # 19 at 6).

> only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.

Id. at 1012 (citing Wade v. Clower, 114 So. 548, 552 (1927)). In Engle v. Liggett Group, Inc., 945 So. 2d 1246, 1259 (Fla. 2006), the Court explained that res judicata "serves an important purpose in the judicial system of this state. The foundation of res judicata is that a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated."

"The Supreme Court has . . . cautioned against departing from the accepted principles of res judicata." Griswold v. County of Hillsborough, 598 F.3d 1289, 1294 (11th Cir. 2010). Specifically, in Federated Department Stores, Inc. v. Moitie, the Court explained, "The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case. There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.'" 452 U.S. 394, 401 (1981)(quoting Heiser v. Woodruff, 327 U.S. 726, 733 (1946)).

Thus, if the required elements for res judicata are present here, this Court must apply the well-accepted doctrine. In order for res judicata to apply under Florida law, four identities must occur simultaneously: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality in the person for or against whom the claim is made." Inter-Active Servs., Inc. v. Heathrow Master Ass'n, Inc., 809 So. 2d 900, 902 (Fla. 5th DCA 2002)(citing Albrecht v. State, 444 So. 2d 8, 12 (Fla. 1984), superseded by statute on other grounds, Bowen v. Fla. Dep't of Envtl. Reg., 448 So. 2d 566 (Fla. 2d DCA 1984)).

In this case, each of these "identities" is present.[3] The only "identity" called into question by iStar is the "identity of the cause of action." iStar correctly points out that the state court judgment was rendered only as to the foreclosure count, and the judgment rendered in the present case concerned iStar's guaranty count. However, these labels are not dispositive. A number of Florida courts, in addition to the Eleventh Circuit, have explained that "[t]he

---

[3] East represents that "[t]he parties are identical in both lawsuits. Clark D. East was sued individually in the 1st iStar case and Clark D. East was sued individually in [the federal] case." (Doc. # 33 at 5).

7

determining factor in deciding whether the causes of action are the same is whether the facts and evidence necessary to maintain the suit are the same in both actions." <u>Inter-Active</u>, 809 So. 2d at 902 (citing <u>Albrecht</u>, 444 So. 2d at 8); <u>see also</u> <u>U.S. Project Mgmt., Inc. v. Parc Royale E. Dev., Inc.</u>, 861 So. 2d 74, 76 (Fla. 4th DCA 2003)("The general test when deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions.")(citations omitted).

In <u>Ragsdale</u>, 193 F.3d at 1239, the Eleventh Circuit also grappled with the quandary of "whether the causes of action are the same" for purposes of applying the doctrine of res judicata. In that case, the court explained that "the principal test for determining whether the causes of action are the same is whether the primary right and duty are the same in each case." <u>Id.</u> (citations omitted). The <u>Ragsdale</u> court further noted that, "[i]n determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." <u>Id.</u> Generally, "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [then] the two cases are really the same claim or cause of action for

purposes of res judicata." Id. (citations omitted).[4]

In this case, the state court's judgment did not reach the guaranty claim; nevertheless, as explained by East in his memorandum: "[T]he operative facts in the 1st iStar case and this case are identical, and as such this law suit is precluded by res judicata." (Doc. # 33 at 6). Specifically, "[t]o prove the breach of contract claim in the 1st iStar case and in this case, the Plaintiff has to prove the existence of the Agreement, including the duties imposed on East and that East's breach of the contract is the legal cause of the Plaintiff's damages." Id.

The Court agrees with East's analysis and finds the present action barred by the doctrine of res judicata. The Court's determination is buttressed by the analysis provided in the Restatement (Second) of Judgments, as summarized in Ragsdale:

---

[4] Similar to Florida law, under Eleventh Circuit precedent, "a claim will be barred by prior litigation if all four of the following elements are satisfied (1) there is a final judgment on the merits; (2) decision was rendered by a court of competent jurisdiction; (3) parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Ragsdale, 193 F.3d at 1238.

> Just what factual groupings constitutes a "transaction" or what factual groupings constitute a "series," are "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding and usage."

Ragsdale, 193 F.3d at 1239 (citing Restatement (Second) of Judgments § 24(2) cmt. b (1980)).

The commentary to § 24(2) of the Restatement explains that the expression "'transaction, or series of connected transactions,' is not capable of mathematically precise definition . . . . If there is a substantial overlap [of witnesses and proof], the second action should ordinarily be held precluded. But the opposite does not hold true; even when there is not a substantial overlap, the second action may be precluded if it stems from the same transaction or series." Id.

It cannot be disputed that East's obligations under the mortgage and the guaranty arise out of the same nucleus of operative fact--East's obligations arise from a set of concurrently signed documents, each executed by East on May 31, 2006. Pragmatically speaking, it appears that the facts giving rise to East's rights and duties are related in time, space, origin, and motivation. Furthermore, having a single

court examine and adjudge the parties rights and obligations under the governing documents conforms to the parties' and the Court's reasonable expectations. Last, this Court can think of few paired claims other than foreclosure and personal guaranty that form a more convenient "trial unit."

iStar appropriately brought both the foreclosure count and the guaranty count in the state court complaint. When the state court rendered its final judgment on the foreclosure count without disposing of the guaranty, iStar should have prevailed upon the state court for an adjudication of East's liability on the guaranty. iStar's petition for a judgment on the guaranty count in this Court, while initially successful, was misguided at best, and forum shopping at worst. The Court vacates its final default judgment against East and dismisses this action as barred under the doctrine of res judicata.[5]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  East's Motion to Vacate Judgment (Doc. # 19) is **GRANTED.**

(2)  The Court's October 29, 2010, Default Judgment (Doc. # 12) is **VACATED** on the basis of res judicata.

---

[5] iStar is not left without a remedy as to East's guaranty. iStar may petition the state court for the relief it sought in this Court.

(3) This action is dismissed.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of November, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties and counsel of record